**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE: RESPIMAT PHARMACEUTICALS ANTITRUST LITIGATION | Case No. 1:25-md-03154 |

### STIPULATION REGARDING DOCUMENTS PRODUCED BY ANOBRI PHARMACEUTICALS US, LLC

**WHEREAS**, Plaintiffs in the above-captioned action (the "Action") have served a Subpoena to Produce Documents on Anobri Pharmaceuticals US, LLC ("Anobri") pursuant to Fed. R. Civ. P. 45 ("Plaintiffs' Subpoena"), in the Action;

**WHEREAS**, Defendants in the Action have served a Subpoena to Produce Documents on Anobri, pursuant to Fed. R. Civ. P. 45 ("Defendants' Subpoena"), in the Action;

**WHEREAS**, Anobri responded and objected to Plaintiffs' Subpoena, has met and conferred with counsel for Plaintiffs and Defendants, and has agreed in principle to produce certain documents in response to Plaintiffs' Subpoena and Defendants' Subpoena, provided those materials exist, are reasonably accessible, and are not legally privileged or otherwise unable to be produced;

**WHEREAS**, certain of the documents Anobri has agreed in principle to produce relate to products that have not been commercialized, and are thus highly sensitive such that disclosure of those documents to other employees of other market participants would cause significant competitive harm to Anobri;

**WHEREAS**, a Stipulated Protective Order has been entered in *Massachusetts Laborers' Health & Welfare Fund v. Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim International GMBH*, Case No. 1:24-cv-10565-DJC (D. Mass.), at ECF No. 148, and that is

applicable to this Action, that allows for certain material produced in the Action to be designated by Parties and non-Parties to prevent the unauthorized disclosure and use of any Party's or non-Party's trade secrets, other confidential, and/or protected information during and after the course of this Action (the "Protective Order");

**WHEREAS**, under the Protective Order's highest level of confidentiality, employees of the Parties to the Action may still have access to highly sensitive materials produced by Anobri pursuant to Plaintiffs' Subpoena or Defendants' Subpoena;

**WHEREAS**, the undersigned Parties to the Action have agreed to certain additional and necessary protections for Anobri beyond those available under the Protective Order to facilitate Anobri's production of highly sensitive business materials in the Action;

**NOW THEREFORE**, the Parties, through their respective counsel of record, hereby stipulate to the following:

1. Anobri's documents may be designated when produced as "Confidential Information," "DP Information," "Highly Confidential Information," or "OCEO Highly Confidential Information."

2. "OCEO Highly Confidential Information" shall mean Highly Confidential Information that Anobri, as the Designating Party, reasonably believes to contain highly confidential and/or competitively sensitive information the disclosure of which to persons employed by or working for a Receiving Party would cause Anobri competitive and commercial harm.

3. Material designated OCEO Highly Confidential Information by Anobri shall be governed in all respects by the provisions of the Protective Order concerning Highly Confidential Information, with the following exceptions:

2

4. For documents in hard-copy form or modifiable electronic format, OCEO Highly Confidential Information may be designated by stamping each page of the document with the words "Highly Confidential Material—Outside Counsel's Eyes Only," with the designations placed in such a way as to not obscure any part of the text or content. *See* Protective Order § III.A.

5. Unlike Highly Confidential Information (*see* Protective Order § V.B), OCEO Highly Confidential Information may be disclosed to no more than three individual in-house attorneys of the Receiving Party (1) who have no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who have signed the Declaration in the form annexed to the Protective Order as Exhibit A, and (4) as to whom the procedures set forth in Paragraphs 6–9, below, have been followed (each such individual is referred to herein as an "OCEO Designated In-House Counsel").

6. Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an OCEO Designated In-House Counsel any OCEO Highly Confidential Information pursuant to Paragraph 5 (a "Noticing Party") first must provide written notice to the Designating Party that (1) sets forth the full name of the OCEO Designated In-House Counsel and the city and state of his or her residence, and (2) describes the OCEO Designated In-House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the OCEO Designated In-House Counsel is involved, or may become involved, in any competitive-decision-making.

3

7.   No sooner than ten (10) days after providing such notice, the Noticing Party may disclose OCEO Highly Confidential Information to its OCEO Designated In-House Counsel unless the Noticing Party receives a written objection from the Designating Party that the disclosed OCEO Designated In-House Counsel does not meet the requirements of Paragraph 5.

8.   If a Noticing Party receives a timely written objection to the notice of its OCEO Designated In-House Counsel, the Noticing Party must meet and confer with the Designating Party to try to resolve the matter by agreement within ten (10) days of receiving the written objection.  If no agreement is reached, the Designating Party will then have ten (10) days to file a motion with the Court, objecting to the OCEO Designated In-House Counsel.  The Noticing Party shall not disclose any OCEO Highly Confidential Information to the proposed OCEO Designated In-House Counsel pending resolution of the objection.  If the Court finds that the OCEO Designated In-House Counsel meets the requirements of Paragraph 5, the Noticing Party shall be permitted to disclose the OCEO Highly Confidential Information to its OCEO Designated In-House Counsel.

9.   If at any time a Party decides to replace an OCEO Designated In-House Counsel, the Party must provide to the Designating Party a new notice of the OCEO Designated In-House Counsel and follow the same procedures set forth above in Paragraphs 6–8.

10.   Documents produced or provided by Anobri in *Boehringer Ingelheim Pharmaceuticals, Inc. v. Anobri Pharmaceuticals, Inc.*, Case Nos. 23-cv-3530 and 23-cv-3531 (D.N.J.) ("the Patent Action") and designated under the Discovery

4

Confidentiality Order in that action (ECF No. 143 in Case No. 23-cv-3530) may be reproduced in this Action without the need to redesignate them. To that end, the Parties agree as follows: (i) documents produced in the Patent Action designated as "Confidential – Restricted Competitive Information" shall be treated in this Action as OCEO Highly Confidential Information, as defined herein; (ii) documents produced in the Patent Action designated as "Highly Confidential Information" shall be treated in this Action as Highly Confidential Information, as defined in the Protective Order; (iii) documents produced in the Patent Action designated as "Confidential Information" shall be treated in this Action as Confidential Information, as defined in the Protective Order; and (iv) documents produced in the Patent Action designated as "DP Information" or "Data Protection Information" shall be treated in this Action as DP Information, as defined in the Protective Order.

11.    This stipulation applies solely to materials produced by Anobri and is binding upon, without limitation, all current and future parties in this Action (including their respective corporate parents, subsidiaries, affiliates, successors, and attorneys and all other representatives or agents), and their counsel; all other persons or entities authorized under the Protective Order or any other order of this Court to receive or view Highly Confidential Material; and all other interested persons or entities with actual or constructive notice of this stipulation or the Protective Order.

SO STIPULATED AND AGREED.

Agreed to:

Dated: December 16, 2025

 */s/ Stephen Weissman*                                            */s/ Geralyn Trujillo*

5

Stephen Weissman
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8678
sweissman@gibsondunn.com

*Counsel for Defendants Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim International GmbH*

Geralyn Trujillo
**DICELLO LEVITT LLP**
485 Lexington Avenue
Suite 1001
New York, NY 10017
Phone: (646) 933-1000
Email: gtrujillo@dicellolevitt.com

Todd A. Seaver
**BERMAN TABACCO**
425 California St, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
tseaver@bermantabacco.com

Natasha J. Fernández-Silber
**EDELSON PC**
350 North LaSalle
14th Floor
Chicago, Illinois 60654
Phone: (312) 589-6370
Email: nfernandezsilber@edelson.com

*Counsel for Plaintiff Massachusetts Laborers' Health & Welfare Fund and the proposed class*

Lin Y. Chan
**LIEFF CABRASER HEIMANN & BERSTEIN, LLP**
275 Battery Street
29th floor
San Francisco, CA 94111
Phone: 415-956-1000
Email: lchan@lchb.com

*Counsel for 1199SEIU National Benefit Fund, 1199SEIU Greater New York Benefit Fund, 1199SEIU National Benefit Fund for Home Care Workers, and 1199SEIU Licensed Practical Nurses Welfare Fund and the proposed class*

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 16th day of December, 2025, the foregoing document, filed through the Court's CM/ECF system, will be sent electronically to all attorneys of record who have registered for the CM/ECF updates.

*/s/ John B. Lucy, Jr.*
John B. Lucy (BBO# 710083)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
Phone:  (617) 248-5000
Email:  jlucy@choate.com
*Counsel for Defendants*
